Mark A. Hutchison (4639)
Matthew K. Schriever (10745)
HUTCHISON & STEFFEN, PLLC
10080 W. Alta Dr., Suite 200
Las Vegas, NV 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086
mhutchison@hutchlegal.com
mschriever@hutchlegal.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SUNBURST SHUTTERS NEVADA, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHUTTERS 4 LESS, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No.: 2:20-cv-01286-APG-DJA<br><br>**PLAINTIFF'S EX PARTE MOTION TO ENLARGE TIME TO SERVE DEFENDANT** |

Comes now, SUNBURST SHUTTERS NEVADA, INC., ("Plaintiff") by and through its counsel of record, Hutchison & Steffen, LLC, and moves this Court for an order enlarging the time in which to serve the Summons and Complaint on Defendant SHUTTERS 4 LESS, LLC.

Plaintiff's complaint seeks damages and injunctive relief against the Defendant for trademark infringement, unfair competition, trademark dilution, deceptive trade practices, and intentional interference with prospective economic advantage. Plaintiff has made numerous attempts to serve the Defendant with the Summons and Complaint, but those attempts have been not been successful. Accordingly, Plaintiff moves this Court for an order to enlarge time to serve Defendant.

This motion is based on the following Points and Authorities, the Declaration of Matthew K. Schriever filed concurrently, and the other pleadings and papers on file.

1

## POINTS AND AUTHORITIES

FRCP 4(m) requires a Plaintiff to serve a copy of the Summons and Complaint within 90 days of filing the Complaint. However, if service is not effectuated and "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FRCP 4(m).

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473F.3d 1038, 1041 (9th Cir. 2003). The 90-day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654,661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).[1] Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337.

The instant action was commenced on July 10, 2020 and the 90-day period for service of the Summons and Complaint ends on October 8, 2020. Plaintiff hired a third-party vendor to effectuate service on the Defendant. ***See Declaration of Matthew K. Schriever filed concurrently.*** However, despite multiple attempts at multiple locations, the process server has been unable to serve either the Defendant's registered agent or the Defendant's officer. ***Id.***

---

[1] FRCP previously allowed 120 days to serve the Summons and Complaint but the period was reduced to 90 days in 2015.

2

Specifically, the process server initially attempted multiple times to serve the Defendant's registered agent. *Id.* It was determined that the address listed on the Nevada Secretary's of State's website for the registered agent was an apartment unit and no one answered the door despite numerous attempts to serve the Summons and Complaint at that location. *Id.* Thus, Defendant is utilizing a registered agent that has failed to be properly staffed as required by the Nevada Revised Statutes.

After the attempts to serve the registered agent were unsuccessful, the process server attempted to serve the defendant by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" pursuant to FRCP 4(h)(1)(B). According to the Nevada Secretary of State's website, the sole officer of the Defendant is Daniel Wartenberg. Plaintiff's process server attempted to serve Mr. Wartenberg at the Defendant's principle place of business numerous times but was unable to locate Mr. Wartenberg there. *Id.* According to staffed employees at that location, Mr. Wartenberg is rarely at the location and they could not provide information as to when he would be there. *Id.* None of the staffed employees indicated that they were authorized agents to receive service of process for the business. *Id.* The staffed employees did provide the process server with a phone number for Mr. Wartenberg. *Id.* The process server subsequently called the provided number and left a message to try and arrange service but never received a return phone call from Mr. Wartenberg. *Id.*

Plaintiff has recently discovered the address for Mr. Wartenberg's personal residence and is continuing to try to attempt service at that location. *Id.* However, to date, those efforts have been unsuccessful as no one as answered the door of the residence. *Id.* Plaintiff needs an enlargement of the 90-day deadline in order to continue to attempt these efforts to serve at this recently discovered location.

If these continued attempts of service at Mr. Wartenberg's residence are unsuccessful, then the Plaintiff will provide the court with an affidavit from the process server that details all the locations and attempts at service and subsequently move this court to allow service by alternative means.

This is the Plaintiff's first request for enlargement of time to serve the Summons and Complaint and good cause exists for an extension of an additional ninety (90) days to serve the Defendant. Good cause is clearly evident because Plaintiff exercised diligence in attempting to serve the Defendants by hiring a licensed process server to complete the task but has not been successful in those attempts. As evident by the Declaration of Matthew K. Schriever, the process server attempted to serve the Defendant at numerous locations and at numerous times.

No prejudice to the Defendant will result from a short delay in serving the Summons and Complaint. Therefore, the Plaintiff's request to extend the time for service of the Summons and Complaint should be granted.

Plaintiff has made a reasonable and diligent effort to locate and serve Defendant with the Complaint and Summons. Despite these reasonable and diligent efforts, Defendant has not been located for service. Therefore, good cause exists to grant additional time in which to serve the Defendant.

///

///

///

4

**CONCLUSION**

For the foregoing reasons, the Plaintiff requests that motion be granted in its entirety and that Plaintiff be given an additional ninety (90) days to complete service.

DATED this 8th day of October, 2020.

                                      HUTCHISON & STEFFEN, PLLC

                                      /s/ Matthew K. Schriever

                                      Mark A. Hutchison (4639)
                                      Matthew K. Schriever (10745)

                                      *Attorneys for Plaintiff*

IT IS SO ORDERED:

U.S. MAGISTRATE JUDGE

DATED: October 19, 2020

5