Mark A. Hutchison (4639)
Matthew K. Schriever (10745)
HUTCHISON & STEFFEN, PLLC
10080 W. Alta Dr., Suite 200
Las Vegas, NV 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086
mhutchison@hutchlegal.com
mschriever@hutchlegal.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SUNBURST SHUTTERS NEVADA, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHUTTERS 4 LESS, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No.: 2:20-cv-01286-APG-DJA<br><br>**PLAINTIFF'S EX PARTE MOTION FOR AN ORDER TO SERVE SHUTTERS 4 LESS, LLC BY SERVING THE NEVADA SECRETARY OF STATE** |

SUNBURST SHUTTERS NEVADA, INC., ("Plaintiff") by and through its counsel of record, Hutchison & Steffen, LLC, and moves this Court for an order allowing service of the summons and complaint on Defendant SHUTTERS 4 LESS, LLC ("Defendant") by serving the Nevada Secretary of State.

Plaintiff's complaint seeks damages and injunctive relief against the Defendant for trademark infringement, unfair competition, trademark dilution, deceptive trade practices, and intentional interference with prospective economic advantage. Plaintiff has made numerous attempts to serve both the Defendant's registered agent and the Defendant's sole officer with the summons and complaint, but those attempts have been not been successful. Accordingly, Plaintiff moves this Court for an order allowing service upon the Nevada Secretary of State.

1

This motion is based on the following Points and Authorities, the Declaration of Matthew K. Schriever filed concurrently, and the other pleadings and papers on file.

**POINTS AND AUTHORITIES**

On July 10, 2020, Plaintiff filed a complaint seeking damages, declaratory relief, attorneys' fees and costs for trademark infringement, unfair competition, trademark dilution, deceptive trade practices, and intentional interference with prospective economic advantage, and related claims. *See ECF #1.* On October 19, 2020, this court extend the time in which to serve the summons and complaint for an additional ninety (90) days due to the inability to timely serve the Defendant. *See ECF #11.* In Plaintiff's underlying motion seeking that extension, it indicated that it would likely seek leave to serve by alternative means because of the difficulty in effectuating service. *See ECF #9.*

Federal Rule of Civil Procedure 4 allows for service of a limited liability company in the manner prescribed by Rule 4(e)(1) for serving an individual. See, NRCP 4(h)(1)(A). Rule 4(e)(1) allows for service by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." See, FRCP 4(e)(1).

Pursuant to Nevada law, a court may order, under certain circumstances, that service be made on a limited liability company by serving the Secretary of State. NRCP 4.2(c)(3) provides:

> (A) If, for any reason, service on an entity or association required to appoint a registered agent in this state or to register to do business in this state cannot be made under Rule 4.2(c)(1) or (2), then the plaintiff may seek leave of court to serve the Nevada Secretary of State in the entity's or association's stead by filing with the court an affidavit:
> (i) setting forth the facts demonstrating the plaintiff's good faith attempts to locate and serve the entity or association;
> (ii) explaining the reasons why service on the entity or association cannot be made; and
> (iii) stating the last-known address of the entity or association or of any person listed in Rule 4.2(c)(1), if any.
> (B) Upon court approval, service may be made by:

2

      (i)  delivering a copy of the summons and complaint to the Nevada Secretary of State or his or her deputy; and
      (ii)  posting a copy of the summons and complaint in the office of the clerk of the court in which such action is brought or pending.
(C)  If the plaintiff is aware of the last-known address of any person listed in Rule 4.2(c)(1), the plaintiff must also mail a copy of the summons and complaint to each such person at the person's last-known address by registered or certified mail. The court may also order additional notice to be sent under Rule 4.4(d) if the plaintiff is aware of other contact information of the entity or association or of any person listed in Rule 4.2(c)(1).
(D)  Unless otherwise ordered by the court, service under Rule 4.2(c)(3) may not be used as a substitute in place of serving, under Rule 4.3(a), an entity or association through a person listed in Rule 4.2(c)(1) whose address is known but who lives outside this state.
(E)  The defendant entity or association must serve a responsive pleading within 21 days after the later of:
      (i)  the date of service on the Nevada Secretary of State and posting with the clerk of the court; or
      (ii)  the date of the first mailing of the summons and complaint to the last-known address of any person listed in Rule 4.2(c)(1).

Based on NRCP 4.2(c)(3), a Plaintiff is required to set forth the facts demonstrating its good faith attempts to locate and serve the entity, explaining the reasons why service on the entity cannot be made; and state the last-known address of the entity or of any person listed in Rule 4.2(c)(1).

In support of Plaintiff's request to allow service through the Nevada Secretary of State, Plaintiff provides the following evidence setting forth the facts that demonstrate its good faith attempts to locate and serve Defendant, as well as the reasons why service on the Defendant cannot be made. Specifically, the Nevada Secretary of State's website identifies Defendant's registered agent as Kellie Jorgensen and lists that registered agent's mailing and street address as 6500 W. Lake Mead Ave., #121, Las Vegas, NV, 89108. ***See Declaration of Matthew K. Schriever filed concurrently.*** The website further identifies Defendant's sole officer as Daniel J. Wartenberg with an address of 4680 W. Russell Rd., Las Vegas, NV 89118, which is also the

Defendant's principal place of business. *Id.* According to Clark County property records, Daniel J. Wartenberg owns the real property at 2741 Mona Lisa St., Henderson, NV 89044. *Id.*

Plaintiff hired a third-party vendor to effectuate service on the Defendant. *Id.* However, despite multiple attempts at multiple locations, the process server has been unable to serve either the Defendant's registered agent or the Defendant's officer. *Id.*

Specifically, the process server initially attempted multiple times to serve the Defendant's registered agent. *Id.* It was determined that the address listed on the Nevada Secretary of State's website for the registered agent was a residential apartment unit and no one answered the door despite five (5) attempts to serve the summons and complaint at that location times on different days and differing times of the day. *Id.* In fact, on the first service attempt the process server noted that there was "No Answer. No Sound. UPS tag on door." and then on each subsequent visit he indicated that there was no change in the appearance of the unit. *Id.* The process server even attempted to obtain additional information from the leasing office, but it was closed. *Id.* Thus, Defendant is utilizing a registered agent that has failed to be properly staffed as required by NRS 14.030, which states in pertinent part:

> 1. If any artificial person described in NRS 14.020 fails to appoint a registered agent…or if the street address of the registered agent of the artificial person is not staffed as required pursuant to NRS 14.020, which fact is to be made part of the return of service, the artificial person may be served with any and all legal process…by delivering a copy to the Secretary of State…and such service is valid to all intents and purposes. The copy must:
>   (a) Include a specific citation to the provisions of this section. The Secretary of State may refuse to accept such service if the proper citation is not included.
>   (b) Be accompanied by a fee of $10.
> ***
> 3. Before such service is authorized, the plaintiff shall make or cause to be made and filed an affidavit setting forth the facts, showing that due diligence has been used to ascertain the whereabouts of the officers of the artificial person to be served, and the facts showing that direct or personal service on, or notice to, the artificial person cannot be had.

4

> 4. If it appears from the affidavit that there is a last known address of the artificial person or any known officers thereof, the plaintiff shall, in addition to and after such service on the Secretary of State, mail or cause to be mailed to the artificial person or to the known officer, at such address, by registered or certified mail, a copy of the summons and a copy of the complaint, and in all such cases the defendant has 40 days after the date of the mailing within which to appear in the action.

These requirements of NRS 14.030(3) are similar to the requirements of NRCP 4.2(c) and have been demonstrated throughout this motion.

After the attempts to serve the registered agent were unsuccessful, the process server attempted to serve the Defendant by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" pursuant to FRCP 4(h)(1)(B). *Id.* According to the Nevada Secretary of State's website, the sole officer of the Defendant is Daniel Wartenberg. *Id.* Plaintiff's process server attempted to serve Mr. Wartenberg at the Defendant's principle place of business six (6) times on different days and differing times of the day but was unable to locate Mr. Wartenberg there. *Id.* During those attempts, the process server was informed that Mr Wartenberg "rarely comes in" and has "no set schedule." *Id.*

Plaintiff then discovered the address for Mr. Wartenberg's personal residence and directed the process server to attempt service at that location. *Id.* Plaintiff's process server attempted to serve Mr. Wartenberg at that location five (5) times on different days and differing times of the day but was unable to locate Mr. Wartenberg there despite Mr. Wartenberg's occupancy being confirmed by the security guard at the gate, a vehicle parked in the driveway on more than one of the attempts, and the process server leaving contact information to attempt to coordinate service. *Id.*

Based on the Defendant's registered agent's failure to have a properly staffed location and that numerous attempts to serve the Defendant in other manners, good cause exists for an

5

order allowing service of Defendant by serving the Nevada Secretary of State. Good cause is clearly evident because Plaintiff exercised diligence in attempting to serve the Defendant by hiring a licensed process server who attempted to serve the Defendant at numerous locations and at numerous times.

Plaintiff has made a reasonable and diligent effort to locate and serve Defendant with the complaint and summons. Despite these reasonable and diligent efforts, Defendant has not been located for service. Therefore, good cause exists to grant Plaintiff's request to serve the Defendant by serving the Nevada Secretary of State.

The last-known addresses of the Defendant, the Registered Agent, and the sole officer of Defendant are:

Shutters 4 Less, LLC
4680 W. Russell Rd.
Las Vegas, NV 89118

Shutters 4 Less, LLC
c/o Kellie Jorgensen, Registered Agent
6500 W. Lake Mead Ave., #121
Las Vegas, NV 89108

Shutters 4 Less, LLC
c/o Daniel J. Wartenberg, Managing Member
2741 Mona Lisa St.
Henderson, NV 89044

6

**CONCLUSION**

For the foregoing reasons, the Plaintiff requests that motion be granted in its entirety and that Plaintiff be allowed to serve the Defendant by serving the Nevada Secretary of State in accordance with FRCP 4(e)(1), FRCP 4(h)(1)(A), NRCP 4.2(c)(3), and NRS 14.030 by delivering a copy of the summons and complaint to the Nevada Secretary of State or his or her deputy, posting a copy of the summons and complaint in the office of the clerk of the court, and mailing a copy of the summons and complaint to the Defendant at each of the last-known addresses identified above by registered or certified mail.

DATED this 25th day of November, 2020.

HUTCHISON & STEFFEN, PLLC

/s/ Matthew K. Schriever
_____
Mark A. Hutchison (4639)
Matthew K. Schriever (10745)

*Attorneys for Plaintiff*

IT IS SO ORDERED:

_____
U.S. MAGISTRATE JUDGE

DATED: November 30, 2020

7

**CERTIFICATE OF SERVICE**

Pursuant to FED. R. CIV. P. 5(b), I certify that I am an employee of HUTCHISON & STEFFEN, PLLC and that on this 25th day of November, 2020 I caused the above and foregoing document entitled ***PLAINTIFF'S EX PARTE MOTION FOR AN ORDER TO SERVE SHUTTERS 4 LESS, LLC BY SERVING THE NEVADA SECRETARY OF STATE*** to be served as follows by Personally transmitting a copy of same via the Court's CM/ECF Internet system to their respective registered email site.

/s/ Bobbie Benitez
An employee of HUTCHISON & STEFFEN, PLLC

8